**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071) (PHV to be requested)**
**MIMS, KAPLAN, BURNS & GARRETSON**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Tel: (310) 314-1721/Fax: (949) 340-9737**
**cburns@hmkblawyers.com**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x

| | |
|---|---|
| **CEREMONY OF ROSES ACQUISITION LLC,** | **CIVIL ACTION NO. 1:25-cv-7151** |
| **Plaintiff,** | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND LANHAM ACT VIOLATIONS** |
| v. | |
| **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** | |
| **Defendants.** | |

_____x

Plaintiff Ceremony of Roses Acquisition LLC, by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

1

## PARTIES

2.  Ceremony of Roses Acquisition LLC ("Plaintiff") is a Delaware limited liability joint venture with its principal place of business in New York, New York.

3.  Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This Complaint will be amended when their true names and capacities are ascertained. Upon information and belief, the individual defendants will be present in and about the Southern District of New York in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

4.  Upon information and belief, the individual defendants and XYZ Company through its agents and employees, are from and/or will be present in the Southern District of New York in connection with the claims below and are or will be subject to the jurisdiction of this Court.

5.  Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6.  Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. "BENSON BOONE" (the "Artist") is the federally registered trademark used by this performer in connection with his performing, recording, merchandising and other related goods and services in all aspects of the entertainment industry and to distinguish him from all other such performers. The Artist has used his trademarks in connection with his goods and services for nearly 5 years.

8. "BENSON BOONE" is a federally registered trademark, Registration No. 7793295 for use in connection with: International Class ("IC") 025 clothing; IC 041 entertainment services; IC 009 recordings; and IC 035 on-line retail store services.

9. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale at and in the vicinity of the Artist's United States tour (the "Tour").

10. The Plaintiff has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist's Trademarks on merchandise, including T-shirts, jerseys, hats, posters, and other apparel and goods.

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and listen to popular music. The Artist has appeared in concerts at major arenas and stadiums in the United States, and has been seen and heard in concert by millions of popular music enthusiasts.

12. As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all

of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

13.     On Saturday, September 6, 2025, at Madison Square Garden, in New York, New York, the Artist will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold throughout the United States before, during and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14.     Defendants, also known as "Bootleggers," will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after his performance, and at subsequent concerts during the Tour. The Tour has just begun and so have Defendants' infringing activities.

15.     The Infringing Merchandise is of the same general appearance as Plaintiff's Authorized Tour Merchandise or otherwise contains the Artist's Trademarks, and is likely to cause confusion among prospective purchasers.  Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff.  Further, the Infringing Merchandise that Defendants sell is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his public performances and the reputation of the Plaintiff for high quality Authorized Tour Merchandise.

16.     The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Infringing Merchandise is subject to the same quality

control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures Artist and Plaintiff in that Defendants do not pay royalties for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing federally trademarks, service marks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
**(Infringement of Registered Trademark)**

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

### SECOND CLAIM FOR RELIEF
**(Violation of the Lanham Act)**

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ceremony of Roses Acquisition LLC, seeks relief against Defendants as follows:

A.  As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.  As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

C.  That Defendants deliver up for destruction any and all Infringing Merchandise.

D.  As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: August 28, 2025

Respectfully submitted,
By: /s/ Mark Bradford
Mark Bradford (MB 6002)
Mark Bradford, PC
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)(PHV to be requested)
Mims, Kaplan, Burns & Garretson
28202 Cabot Rd, Ste 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721
Fax: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff