Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Suite 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____x

| | |
|---|---|
| **CEREMONY OF ROSES ACQUISITION LLC,** | CIVIL ACTION NO. 1:25-cv-7151 AT |
| Plaintiff, | DECLARATION OF ALAN SITCHON IN SUPPORT OF A A PRELIMINARY INJUNCTION AND SEIZURE ORDER TO ISSUE |
| v. | |
| **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** | |
| Defendants. | |

_____x

I, Alan Sitchon, hereby declare as follows:

    1.    I make this declaration in support of a Preliminary Injunction and Seizure Order ("PI & Seizure Order") to issue in this matter in the form attached hereto as Exhibit A. Plaintiff Ceremony of Roses Acquisition LLC ("Plaintiff") seeks the proposed PI & Seizure Order to issue in order to stop the sale of infringing T-Shirts and other merchandise ("Infringing Merchandise"

or "Bootleg Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likeness, logos, and other indicia (collectively, the "Artist's Trademarks") of the performer known as "**BENSON BOONE**" (the "Artist").  I also submit this declaration to advise the Court of the service of the previously issued Temporary Restraining Order, Seizure Order and Order to Show Cause Why a Preliminary Injunction and Seizure Order Should Not Issue (the "TRO & Seizure Order") and the seizure of Infringing Merchandise thereon.  As set forth in my previously filed declaration, I am Vice President of Tour for Plaintiff, and I am authorized by Plaintiff to make this declaration.  If called as a witness, I could and would be able to testify competently to such facts.

      2.     As expected, Defendant Bootleggers appeared to sell Infringing Merchandise since the TRO & Seizure Order was issued. I oversaw the service of the TRO & Seizure Order and seizure of Infringing Merchandise at the concerts.  The following evidence has been collected at the Artist's concerts so far.

      A.     Attached hereto as Exhibit B are true and correct copies of photographs taken of Defendant Bootleggers at the concerts, as they attempted to sell their Infringing Merchandise.

      B.     Attached hereto as Exhibit C are true and correct copies of photographs taken of further examples of the Infringing Merchandise seized at the concerts from the Defendant Bootleggers.  All contain the Artist's trademarks and are being used by Defendant Bootleggers without authorization.  Most shirts are printed on second quality garments; we know that because the manufacturer splits the tags, draws lines through tags, and/or removes their tag identifier. This is done by manufacturers when they are not first quality goods, and they are sold for substantially less than first quality goods.  We sent to Plaintiff's attorneys samples of the Bootleg Merchandise seized and also authorized merchandise for use in connection with these proceedings.

D. Attached hereto as Exhibit D are true and correct copies of the top portions of some of the Service of Process and Receipt for Goods Seized ("Proof of Service") reflecting service on the Defendant Bootleggers. The bottom portion of each Proof of Service is offered to each Defendant Bootlegger as a receipt for their seized merchandise.

4. What happened at the concerts is what happens at most concerts for well-known performers. Almost all Defendant Bootleggers refused to identify themselves when served with the TRO and Seizure Order and the other documents and claimed not to carry any identification. They rarely provided a name. In addition, many of the Defendant Bootleggers refused to accept a copy of the TRO and Seizure Order, receipt and other documents. Sometimes, when the officer or process server, approached a Defendant Bootlegger, he or she would ask if the officer/server had an injunction or order. When the officer/server responded yes, and tried to serve the TRO and Seizure Order, the Defendant Bootleggers would hand over or drop the Infringing Merchandise (and the TRO and Seizure Order just served on them) and then walk or run away. Sometimes, when the officers/servers were spotted by the Defendant Bootleggers, they would run away or try to hide their Infringing Merchandise.

5. All Infringing Merchandise seen at the concerts contained the Artist's Trademarks. There are thousands of images available on the internet and elsewhere of the Artist, yet the Defendant Bootleggers chose the same or similar designs to sell at the Artist's concerts. The only logical conclusion that can be reached is that Defendant Bootleggers either travelled personally to each concert venue or had their agents and those working with them sell and distribute the Infringing Merchandise at the Artist's concerts. People selling and distributing at the Artist's concerts are therefore agents, acting in concert with or are otherwise connected with or

participating with those Defendant Bootleggers observed and/or served at other concerts and they must be enjoined and their Infringing Merchandise seized.

6. The Defendant Bootleggers from whom the Infringing Merchandise was seized circulated in the crowd before the concerts as the audiences were entering the arenas. Because they sold their goods before the concerts, they attempted to preempt Plaintiff's opportunity to sell authorized merchandise within the venue itself. Further, Defendant Bootleggers brought the Infringing Merchandise which we were very concerned about because that is further direct competition to our sales locations.

7. The Artist is extremely popular and many concerts on the tour are almost sold out or are sold out. Therefore, due to the popularity of the tour, additional dates may be added. If this happens, we will advise the Court.

8. Based upon the foregoing, Plaintiff is requesting that the Court extend the effect of the TRO and Seizure Order and grant the proposed preliminary injunction binding upon all persons served with process and on any other persons acting in concert with them from selling Infringing Merchandise during the Artist's tour, and to allow Plaintiff to continue to seize such Infringing Merchandise.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct. Executed on September 15, 2025.

_____
ALAN SITCHON